UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WEST BEND MUTUAL INSURANCE CO.,** | ) ) ) | CASE NO.5:24CV2032 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) ) | OPINION AND ORDER |
| **JOAN HYLTON, ET AL.,** | ) ) | |
| **Defendant**s. | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendants Joan Hylton and Ricky Lynn Hylton d/b/a Cuts and Such Hair Salon's Fed. R. Civ. P. 12(b)(7) Motion to Dismiss Plaintiff's Amended Complaint (ECF # 12) and Defendant J. Kevin Miller, d/b/a J. Kevin Miller Plumbing and Electrical's Motion for Judgment on the Pleadings. (ECF # 24). For the following reasons, the Court denies the Motions.

Plaintiff West Bend Mutual Insurance Company is the property and casualty insurer of For a Child, LLC. West Bend covered damages incurred by For a Child, LLC. caused by water escaping from a water heater on the top floor of 1300 South Main Street, North Canton in Stark County, Ohio. According to its Amended Complaint, Defendants failed to properly maintain or repair the water heater, allowing water to escape from the water heater, causing the damage. West Bend alleges the resulting damages amounted to $103,882.69. West Bend paid For a Child

for its losses under its insurance policy, is therefore subrogated, and now seeks reimbursement for damage to the property, lost income and increased business expenses caused by the water escaping from the water heater.

**Defendants' Motions**

According to Defendants, For a Child, has not been named as a party to the litigation despite it being a necessary party as its absence may subject Defendants to inconsistent rulings and judgments if For a Child pursues separate litigation in state court. Defendants may also be subject to double liability along with the additional expense in defending two separate suits. Lastly, For a Child has a $1,000 deductible that it may not recover as a result of not being a part of this suit. Because For a Child cannot be joined without destroying the Court's diversity jurisdiction, dismissal is appropriate.

Defendant J. Kevin Miller adopts the arguments of the Hyltons but adds that there is a distinct possibility of additional litigation because West Bend's insurance coverage did not include coverage for damages for overhead or lost profits.

West Bend opposes the Motions, arguing that Defendants have failed to offer any evidence that For a Child, LLC is an Ohio citizen and its inclusion would defeat the Court's diversity jurisdiction. As an LLC, "a limited liability company (commonly known as an 'LLC') has the citizenship of its members and sub-members." *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi,* 43 F.4th 624, 626 (6th Cir. 2022).

West Bend further argues that there is no danger of double recovery because For A Child has already been compensated for its losses. "Ohio law prevents a double recovery for the same injury." *Credit Acceptance Corp. v. Davisson,* Case No.: 1:08-cv-107, 2008 WL 11378851, at * 5

2

(N.D. Ohio Nov. 24, 2008) (citing *Holeton v. Crouse Cartage Co.,* 748 N.E.2d 1111, 1118 (Ohio 2001)).

The Hyltons reply that whether For a Child may or may not pursue litigation is immaterial to the Rule 12(b)(7) analysis.  Instead the plain language of Rule 12(b)(7) is whether going forward in the absence of For a Child "may" subject the Defendants to a substantial risk of incurring double, multiple or otherwise inconsistent obligations.  This meets the Rule 19(a) requirement and warrants dismissal to allow West Bend to bring suit in state court where it can name all necessary parties.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12 allows for dismissal of a cause of action for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).  "To sufficiently assert a 12(b)(7) motion, the movant must identify the name of the party, the location of the party, the reason the party is necessary and whether the court has jurisdiction over the party." *Meta v. Target Corp.*, 74 F. Supp. 3d 858, 866 (N.D. Ohio 2015) (quoting *Jam Tire, Inc. v. Harbin*, 3:14CV00489, 2014 WL 4388286, at *4 (N.D.Ohio Sept. 5, 2014)).  "Moreover, under Rule 12(b)(7), [defendant] has the burden to show the nature of the unprotected interests of the absent individuals or organizations and the possibility that the court will be disadvantaged by their absence." *Meta*, 74 F. Supp. 3d at 866 (quoting CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE VOL. 5A, § 1359 (3d. Ed., West 1997)).

There is no question that Plaintiff is the real party in interest under Fed.R.Civ.P. 17(a)(1). "Under the rule, the real party in interest is the person who is entitled to enforce the right asserted under the governing substantive law." *Liberty Ins. Corp. v. Advanced Servs. Heating & Cooling,*

*Inc.,* No. 2:13-CV-241, 2013 WL 5492531, at *3 (S.D. Ohio Oct. 1, 2013) quoting *Certain Interested Underwriters at Lloyd's, London, England v. Layne,* 26 F.3d 39, 42-43 (6th Cir. 1994). "The real party in interest analysis turns upon whether the substantive law creating the right being sued upon affords the party bringing the suit a substantive right to relief." *Id.* at 43 (citations omitted). On diversity the Court applies the substantive law of the state in which the action is pending. See *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Thus, the Court applies Ohio law. "Ohio law permits an insurer who pays an insured's claim of loss cause by another's wrongdoing to assert its subrogation rights against the alleged wrongdoer and recover damages caused by the wrongdoer's negligence." *Liberty Ins. Corp.* 2013 WL 549531 at *3 citing *Smith v. Travelers Ins. Co.,* 50 Ohio St.2d 43, 45–46, 362 N.E.2d 264 (1977) (indicating that a subrogee is a real party in interest and has the right to maintain an action in its name). Therefore, there is no question West Bend is the real party in interest and may proceed with this suit. However, the Court must further determine if For a Child is a necessary and indispensable party to this litigation.

In analyzing whether a non-party is indispensable the Court makes three determinations. *Glancy v. Taubman Ctrs., Inc.,* 373 F.3d 656, 666 (6th Cir. 2004) (citations omitted). First, is the non-party a necessary party under Rule 19(a)? *Id.* Second, will joining the party to the action deny the court subject matter jurisdiction? *Id.* Third, if joinder will deprive the court of subject matter jurisdiction, then for reasons "in equity and in good conscience," should the court dismiss the case because the party is indispensable? *Id.*

"An absentee is deemed necessary to the action 'only if, in his absence, (1) the absentee is likely to be harmed; (2) one of the parties may be subject to multiple or otherwise inconsistent

4

obligations; or (3) complete relief cannot be accorded to the parties.'" *Capital TCP, LLC v. New Horizon Memphis, LLC,* No. 207CV02157JPMDKV, 2009 WL 10665371, at *2 (W.D. Tenn. Sept. 24, 2009) quoting *Bowling Transportation, Inc. v. N.L.R.B.,* 352 F.3d 274, 282 (6th Cir. 2003). "If the court determines that none of the criteria in Rule 19 is satisfied, joinder is unnecessary." *Capital TCP, LLC.,* at *2.

"Generally, federal courts are reluctant to grant motions to dismiss based on non-joinder, and dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." *Id.* Citing *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118 (1968).

Rule 19 of the Federal Rules of Civil Procedure reads in pertinent part:

**(a) Persons Required to Be Joined if Feasible.**

(1) ***Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) ***Joinder by Court Order.*** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

**(b) When Joinder Is Not Feasible.**

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;
(B) shaping the relief; or
(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

**(4)** whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

It is Defendants' burden to show that the non-party is indispensable.

**Is the Absentee Party Subject to Harm**

Here, the alleged absent party is For a Child LLC, the business that was damaged as a result of the leaking water from Defendant's business, Cuts and Such Hair Salon. According to the Amended Complaint, West Bend paid For A Child its damages due to property damage, lost income and business expenses. According to Defendants, For a Child could still seek to recover its lost deductible, lost profits and overhead costs arising from the incident. An email chain attached to Defendant J. Kevin Miller's Answer shows West Bend's insurance coverage did not include overhead or lost profit losses. Thus, Defendants contend they may be subject to a subsequent action by For a Child to recover these losses. Therefore, they are a necessary party.

What the Defendants have not shown is how For a Child would suffer harm if not joined in this suit. Any recovery obtained by West Bend in this suit would not prevent For A Child from obtaining a recovery in an additional action. For a Child itself could bring a suit in state court to recover losses not covered by West Bend's insurance policy. Apparently, For a Child has recovered its losses under the policy thus, West Bend's subrogation suit here does not prejudice For a Child.

**Risk of Double, Multiple or Inconsistent Obligations**

While the above arguments do not support a finding that For a Child would suffer harm by not being joined in this suit, it does support Defendants' argument that they may be subject to multiple suits arising from the same action. While Ohio law does prohibit double recovery, making it unlikely Defendants would be subject to double or identical damage claims, Defendants have provided sufficient arguments that they could be subject to an additional action by For a Child in state court seeking to recover its deductible and losses from overhead or lost profits. Thus, there is a risk of multiple suits and obligations.

However, in deciding whether this condition is met, the plain language of Rule 19(a)(1)(B) requires that the absent "person claims an interest relating to the subject of the action." Thus, this is a "threshold question whether the absent party has come forward to claim an interest." *Phillips v. Sun Life Assurance Co. of Canada*, 641 F. Supp. 3d 453, 458 (S.D. Ohio 2022). See also *Munson Hardisty, LLC v. Legacy Pointe Apartments, LLC,* No. 3:15-cv-547, 2022 WL 4390636, at *7 (E.D. Tenn. Sept. 22, 2022) (denying Rule 19(a) motion where the absent party "has not come forward and claimed an interest relating to the subject matter of the action"); *Abriq v. Metro. Gov't of Nashville & Davidson Cnty.,* No. 3:17-0690, 2018 WL

7

10152572, at *3 (M.D. Tenn. Mar. 29, 2018) (referring to the "threshold requirement of Rule 19(a)(1)(B) that the absent party actually claims an interest related to the subject matter of the action"); id. at *2 ("The Sixth Circuit has indicated that the absent party must affirmatively claim an interest relating to the subject matter." (citing *Sch. Dist. of City of Pontiac v. Sec. of the U.S. Dep't of Educ.*, 584 F.3d 253, 266 (6th Cir. 2009)).  Because Defendants have not provided evidence that For a Child has asserted an interest related to the subject matter of this suit, they have not met their burden to show For a Child is a necessary party under this factor.

**Complete Relief**

The Sixth Circuit has held that Rule 19(a)(1) focuses "on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person." *Sales v. Marshall,* 873 F.2d 115, 121 (6th Cir.1989).  Here, West Bend paid its insured for damages caused by the leaking water heater and has sued the two parties it believes are liable for the damage.  Defendants do not contend there is another party potentially liable.  Consequently, it is clear from the Complaint that complete relief can be afforded West Bend based solely on the parties in this action.

Therefore, based on the above factors, For a Child is not a necessary party and dismissal is not warranted.

Even assuming arguendo that For a Child is a necessary party, the Court holds Defendants have not demonstrated that For a Child could not be feasibly joined in this suit.  As discussed above, For a Child is an Ohio limited liability company.  "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company.  And because a member of a limited liability company may

itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each "sub-member" as well." *Delay v. Rosenthal Collins Grp., LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009).  As a result, the Court does not have sufficient evidence to say whether diversity jurisdiction would be destroyed if For a Child were joined as a party.

Therefore, the Court denies Defendants' Motions subject to refiling if discovery warrants.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: June 16, 2025

9